[Cite as *State v. Madumelu*, 2023-Ohio-4025.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DAVID EMEKA DESHAW MADUMELU,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0103**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 17 CR 778

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*, and *Edward A. Czopur*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Edward F. Borkowski, Jr.*, for Defendant-Appellant.

Dated:  November 6, 2023

**D'Apolito, P.J.**

{¶1} Appellant, David Emeka Deshaw Madumelu, appeals his convictions for one count of aggravated murder, an unclassified felony in violation of R.C. 2903.01(A), and one count of attempted murder, a felony of the first degree in violation of R.C.2329.02 (attempt) and 2903.02(A), following his entry of a guilty plea in the Mahoning County Court of Common Pleas. In his sole assignment of error, Appellant argues his plea was not intelligently and voluntarily entered, because the trial court wholly failed to inform him that his plea and conviction would result in a mandatory prison sentence and he was not eligible for probation or community control sanctions. At the plea/sentencing hearing, the trial court imposed an agreed aggregate sentence of thirty-four years. Because the record demonstrates that Appellant subjectively understood the implications of his plea and the rights he was waiving, and in the alternative, he suffered no prejudice as a result of his plea, Appellant's convictions are affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant and his half-brother, residents of Columbus, Ohio, were charged with aggravated murder; murder, a felony of the first degree in violation of R.C. 2903.02(B); aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1), (3); attempted murder; felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2), all with accompanying firearm specifications pursuant to R.C. 2941.145 for each count. Appellant was separately charged with having a weapon under disability, a felony of the third degree in violation of R.C. 2923.13(A)(2), with a firearm specification, as well as a repeat violent offender specification pursuant to R.C. 2941.149.

{¶3} As a part of their respective pleas, the half-brothers confessed to fatally shooting a man during an impromptu robbery in the early morning hours of November 6, 2016. After the fatal shooting, Appellant stole the victim's wallet only to discover the wallet was empty. Later that day, the pair shot two women who witnessed the murder.

{¶4} Appellant entered into a written plea agreement with the state on the first day of trial. In exchange for his pleas of guilty to aggravated murder and attempted murder, the state agreed to dismiss the remainder of the charges and the accompanying

specifications. The parties likewise agreed to an aggregate sentence of thirty-four years; thirty years on the aggravated murder conviction and four years on the attempted murder conviction, to be served consecutively, but concurrent with a previously-imposed sentence in Franklin County, Ohio.

{¶5} Under the caption "Sentence" in the written plea agreement, the agreement provides in relevant part:

> I FURTHER UNDERSTAND THAT THE COURT, UPON ACCEPTANCE OF MY PLEA, MAY PROCEED WITH JUDGMENT AND SENTENCE, IMMEDIATELY, AND I COULD BE SENTENCED FOR A TERM OF:
>
> Ct. 1 – 20, 25, 30 years to life imprisonment or life w/out parole
>
> Ct. 4 – 3-11 years DRC
>
> * * *
>
> I FURTHER UNDERSTAND I (AM) (AM NOT) ELIGIBLE FOR A COMMUNITY CONTROL SANCTION/PROBATION ON THIS/THESE OFFENSE/OFFENSES.

(10/25/17 Plea Agreement, p. 2-3.) There is no handwritten demarcation on the form pleading selecting "am" or "am not."

{¶6} Under the caption "Maximum Penalty" in the written plea agreement, the agreement provides as follows:

> I UNDERSTAND THAT THE MAXIMUM PENALTY AS TO EACH COUNT IS AS FOLLOWS:

| CHARGE(S) | MAXIMUM PRISON TERM (YRS/MOS) | MAXIMUM FINE | PRISON TERM IS: DISCRETIONARY PRESUMED NECESSARY MANDATORY |
|---|---|---|---|
| Ct. 1 Agg Murder F/L | LWOP | 25,000 | Y Mandatory |
| Ct. 2 Att. Murder | 11 yrs | 20,000 | Y Presumed |

(*Id.*, p. 3.)   Appellant stated at the hearing that defense counsel had reviewed the written plea agreement with Appellant and he was satisfied that he understood the terms of the written agreement.  (*Id.*, p. 15.)

{¶7}   During the plea colloquy, the trial court explained Appellant's potential sentences as follows:

> [M]y understanding is you are entering a plea of guilty to Count One, aggravated murder.  The potential penalty for aggravated murder is 20 or 25 or 30 years to life imprisonment or life imprisonment without parole.  Do you understand that, first of all?

(10/25/17 Plea Hrg. Tr., p. 12.) Appellant answered in the affirmative.

{¶8}   The trial court continued:

> And then in Count Four, the attempted murder charge, is a felony of the first degree, and the potential penalty is 3 to 11 years, and you should understand that the aggregate sentence to be imposed pursuant to the agreement that you all have entered into, of which the court at this juncture preliminarily will go along with, is 34 years to life.  And that will be served

concurrent with any sentence that you are doing in other jurisdictions. Do you understand that?

(*Id.* at 12-13.)  Appellant answered in the affirmative.

**{¶9}**  During the plea colloquy, the trial court never explicitly informed Appellant that the aggravated murder conviction carried a mandatory sentence.  Further, the trial court never explicitly informed Appellant that his pleas would render him ineligible for probation or community control sanctions.

**{¶10}**  The trial court immediately proceeded to sentencing.  At the sentencing hearing, Appellant's trial counsel twice asked the trial court to impose the agreed aggregate sentence.  Appellant, who was in his mid-twenties, provided the following statement in mitigation:

> [T]here is no justification for what I did; and, honestly, I know if I was in [the family of the victim's] position I [would not] want the person to see the light of day ever again, you know? But to me, [it is] even hard for me to sleep.  I [do not] get no [sic] sleep at all.  I know it probably looks like I [do not] care, but I know all this time I got, I hope some way I could try to help other people maybe not face the same tough time I am going through.  If not, it was all for naught then.

(*Id.* at 27.)

**{¶11}**  The trial court imposed the agreed aggregate sentence. Prior to imposing the agreed aggregate sentence, the trial court made the factual findings with respect to the imposition of consecutive sentences.

**{¶12}**  This delayed appeal followed.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY NOT COMPLYING WITH CRIM. R. 11.**

**{¶13}**  An agreed sentence is not appealable pursuant to R.C. 2953.08(D). *State v. James*, 7th Dist. Jefferson No. 18 JE 0017, 2019-Ohio-4237, ¶ 7.  However, an

appellate court can review the validity of the plea leading to the agreed sentence. *Id.*

**{¶14}** Guilty pleas are governed by Crim.R. 11. Pursuant to Crim.R. 11(C)(2), the trial judge must enter into a colloquy with a defendant to review the rights that the defendant is waiving as a result of the guilty plea, and the consequences of the plea.

**{¶15}** "The underlying purpose of Crim.R. 11(C) from the defendant's perspective is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *State v. Rowbotham*, 173 Ohio App.3d 642, 2007-Ohio-6227, 879 N.E.2d 856, ¶ 17 (7th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). A defendant who lacks the ability to understand the nature and object of the proceedings is unable to enter into a knowing, intelligent, and voluntary plea. *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 15. In determining whether a guilty plea was entered knowingly, intelligently, and voluntarily, we conduct a de novo review to ascertain whether the trial court complied with both constitutional and procedural safeguards. *State v. Lyda*, 7th Dist. Jefferson No. 20 JE 0012, 2021-Ohio-2345, 175 N.E.3d 30, ¶ 28.

**{¶16}** As part of the colloquy, the trial court is required to advise a defendant of certain constitutional and nonconstitutional rights. The constitutional rights are outlined in Crim.R. 11(C)(2) and include: the right to a jury trial, to confront witnesses against him, have a compulsory process for obtaining witnesses in his favor, and require the state to prove all elements beyond a reasonable doubt at a trial where the defendant cannot be compelled to testify against himself. *State v. Bell*, 7th Dist. Mahoning No. 14 MA 0017, 2016-Ohio-1440, ¶ 9, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19-21; *Ballard*, *supra*, at 477. The trial court must strictly comply with informing the defendant of these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Bell* at ¶ 9, citing *Veney* at ¶ 31; *Ballard* at 477.

**{¶17}** The trial court must also advise a defendant of his nonconstitutional rights: the nature of the charges; the maximum penalty including postrelease control if applicable; whether the defendant is eligible for probation or community control sanctions; and that a trial court may immediately proceed to sentencing after the plea is accepted. *Bell* at ¶ 10. Unlike the information required regarding constitutional rights, a trial court need only substantially comply with these requirements. *Id.*

**{¶18}** "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Bell* at ¶ 10, quoting *Veney* at ¶ 15. If the trial court does not substantially comply with the advisement of a defendant's nonconstitutional rights, the defendant must demonstrate a prejudicial effect, that is, no plea would have been entered, in order to invalidate the plea. *Id.* However, where the trial court "wholly fails to inform a defendant of a nonconstitutional right, a defendant need not prove he was prejudiced." *Id.*

**{¶19}** "[W]here a defendant faces a mandatory prison sentence as a result of a guilty or no contest plea, the trial court must determine prior to accepting a plea, the defendant understands he or she is subject to a mandatory prison sentence and as a result of the mandatory prison sentence, he or she is not eligible for probation or community control sanctions." *State v. Allen*, 7th Dist. Belmont No. 17 BE 0051, 2020-Ohio-811, ¶ 9. In *Allen*, we opined "[i]n order to comply with Crim.R. 11(C)(2)(a), a trial court can either expressly inform the defendant that he is subject to a mandatory prison sentence and is consequently ineligible for probation or community control sanctions, or using the 'totality of the circumstances,' the trial court may determine that the defendant understands he is subject to a mandatory prison sentence." *Id.* at ¶ 10, citing *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 19 (8th Dist.).

**{¶20}** In *Tutt*, the trial court advised the defendant of the maximum possible penalty he faced but failed to inform him that his sentence was mandatory and that he was ineligible for community control. *Id.* at ¶ 26. On appeal, the Eighth District first contrasted the facts in *Tutt* with the facts in *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990). Applying the totality of the circumstances test in *Nero*, the Ohio Supreme Court held that the trial court substantially complied with Crim. R. 11(C), because Nero understood he faced a mandatory sentence and was ineligible for community control sanctions for crimes including rape and aggravated burglary. The *Nero* Court predicated its conclusion regarding substantial compliance on: (1) defense counsel's acknowledgment at the plea hearing that Nero "[knew] that ultimately he [was] going to be incarcerated"; and (2) Nero's recognition on the record that he would face a prison sentence, insofar as he requested time to "straighten out [his] affairs." *Nero* at 108.

**{¶21}** The *Tutt* Court, in turn, considered the nature of Tutt's crimes,

acknowledging Tutt pleaded guilty to a serious drug offense but not a "heinous crime* * * for which a defendant would have no reason to expect the imposition of community control sanctions." *Id.* at ¶ 27. Of greater significance, the Eighth District noted *Tutt* was not a case where the trial court merely misstated the advisement. While the trial court did inform the defendant of the maximum possible penalty, there was no mention that any part of the sentence was mandatory, thus making him ineligible for community control sanctions. *Id.* at ¶ 30. As such, the Eighth District concluded the trial court's failure to provide the applicable notifications rendered Tutt's plea involuntary.

**{¶22}** Appellant contends the trial court wholly failed to inform him that his plea would subject him to a mandatory sentence, and that he would not be eligible for probation or a community control sanction. To the contrary, the record is replete with evidence that Appellant was aware he was facing a mandatory sentence and was not eligible for probation or community control sanctions. Although the trial court did not strictly comply with the notice requirements regarding mandatory sentences, the trial court's recognition of Appellant's agreed sentence, the description of the potential sentences at the plea hearing, and finally, the heinous nature of Appellant's crimes, are evidence that Appellant knew he was facing a mandatory prison term and he was not eligible for probation or a community control sanction.

**{¶23}** First, Appellant's plea agreement included an agreed aggregate sentence of thirty-four years. The Eighth District in *State v. Dowdy*, 8th Dist. Cuyahoga No. 105396, 2017-Ohio-8320, recognized that a trial court's acknowledgment of an agreed sentence at a plea hearing substantially complies with the notice requirements of Crim. R. 11(C). Dowdy attempted unsuccessfully to distinguish notice of a "mandatory minimum sentence," which the trial court provided at the plea hearing, from a "mandatory sentence." In addition to rejecting Dowdy's mandatory minimum sentence/mandatory sentence argument, the Eighth District opined:

> Here, the trial court satisfied [the Crim. R. 11(C)] requirement both objectively and subjectively. The trial court explained that appellant faced a mandatory prison sentence. Appellant also agreed to a 33 year to life prison sentence as part of the plea agreement. Further, the trial court informed appellant that he would receive a 33-year-to-life prison sentence. This

constitutes evidence that appellant was expressly told, and subjectively understood, that he was not eligible for community control.

*Id.* at ¶ 9.

**{¶24}** The Eighth District revisited the issue earlier this year in *State v. Holmes*, 8th Dist. Cuyahoga No. 112137, 2023-Ohio-2585. The Eighth District opined:

Here, Holmes *agreed* to a ten-year prison term for his offenses under the plea agreement. Inherent in his agreement is his understanding that he would be serving a prison term (of ten years). It is apparent from our review of the record that Holmes subjectively understood a ten-year prison term would be imposed upon the trial court's acceptance of his plea.

(Emphasis in original) *Id.* at ¶ 10.

**{¶25}** Turning to the facts in the above-captioned case, the trial court acknowledged at the plea hearing that Appellant and the state had arrived at an agreed aggregate sentence of thirty-four years. Further, the trial court indicated its intention to impose the agreed aggregate sentence.

**{¶26}** Next at the plea hearing, the trial court plainly informed Appellant his plea to aggravated murder would result in one of four potential penalties: 20 years to life, 25 years to life, 30 years to life, or life without parole. Insofar as neither probation nor a community control sanction were among the finite list of potential sanctions provided by the trial court, Appellant could glean from the plea colloquy that a mandatory prison sentence was required for the aggravated murder conviction.

**{¶27}** Finally, the identical description of Appellant's potential penalties was provided in the written plea agreement under the caption, "Sentence," and the written plea agreement plainly stated that a prison term for Appellant's plea of aggravated murder was mandatory. Appellant acknowledged his understanding of the written plea agreement at the plea hearing. We recently opined "a written acknowledgment of a guilty plea and a waiver of trial rights executed by an accused can, in some circumstances, reconcile ambiguities in the oral colloquy that Crim.R. 11(C) prescribes." *State v. Evans*, 7th Dist.

Columbiana No. 22 CO 0031, 2023-Ohio-2373, ¶ 38 (mandatory prison term stated in a written judicial advice signed by defendant). Accordingly, we find based on the totality of the circumstances the trial court substantially complied with its obligation to inform Appellant that prison time was mandatory.

**{¶28}** The Eighth District reached the same conclusion in *State v. Collins*, 8th Dist. Cuyahoga No. 106050, 2018-Ohio-1845. Collins entered guilty pleas to attempted murder with a firearm specification and aggravated robbery. Collins argued on appeal that his plea was not knowingly, voluntarily, and intelligently made because the trial court did not inform him at the plea hearing that he was ineligible for community control sanctions and would definitely be sentenced to prison. Nonetheless, the Eighth District concluded that the trial court substantially complied with Crim. R. 11(C). The *Collins* Court reasoned:

> Here, the trial court advised Collins that the three-year gun specification on Count 1 involved mandatory prison time. He was further advised that the first-degree felonies to which he was pleading guilty were punishable by three to eleven years in prison. Collins indicated that he understood these advisements. Thus, Collins understood that prison was mandatory and that he was ineligible for probation or community control sanctions. Although the trial court may not have used the word "mandatory," it did indeed advise Collins that prison was an absolute certainty.

*Id.* at ¶ 19. The same is true here.

**{¶29}** The *Collins* Court further opined that "even where a defendant is not directly informed that he is not eligible for probation, 'a trial court substantially complies with the requirements of Crim.R. 11(C)(2)(a) when the court informs a defendant that a mandatory prison sentence will be imposed and the defendant subjectively understands that his sentence must include prison time.' " *Id.,* quoting *State v. Brown*, 11th Dist. Geauga No. 2003-G-2504, 2004-Ohio-1843, ¶ 12, citing *Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474, at syllabus. "The reasoning is that a defendant who understands that actual incarceration is mandatory necessarily understands that he is ineligible for probation or community control

sanctions." *Collins* at ¶ 18, quoting *Brown* at ¶ 18.

**{¶30}** Finally, a defendant entering a plea of guilty to aggravated murder could not reasonably believe that he was eligible for probation or community control. In *Tutt*, *supra*, the appellant entered his plea to drug crimes. The Eighth District opined that Tutt did not enter his guilty plea to heinous crimes like the appellant in *Nero, supra.* Nero entered a guilty plea to charges of rape and attempted robbery. Here, Appellant entered a guilty plea to aggravated murder and attempted murder. Accordingly, we find that Appellant could not reasonably believe that his plea could result in probation or a community control sanction.

**{¶31}** In conclusion, we find the trial court substantially complied with Crim R. 11(C), and Appellant's convictions are affirmed. However, even assuming the trial court did not substantially comply with the criminal rule, Appellant does not allege any prejudice, as his appeal is predicated upon the argument that the trial court "wholly failed to advise Appellant that his plea would leave him ineligible for a community control sanction and would lead to a mandatory prison sentence." (Appellant's Brf., p. 5.) Further, the Ohio Supreme Court has held that an eight-year delay in moving to withdraw a plea "undercuts [an] assertion that [the appellant] would not have plead guilty if he knew part of his sentence would be mandatory." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623. Appellant filed his motion for delayed appeal almost five years after his plea and sentencing. Accordingly and in the alternative, we find that Appellant has not demonstrated prejudice.

**{¶32}** For the foregoing reasons, Appellant's convictions are affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 22 MA 0103

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**